# EXHIBIT 3



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
Washington, D.C. 20460

OFFICE OF
GENERAL COUNSEL

July 25, 2023

Mr. Joseph S. St. John
Louisiana Department of Justice
909 Poydras Street, Suite 1850
New Orleans, LA  70112

**Re:  Freedom of Information Act Request – EPA-2023-005099**
      **Fee Waiver Determination**

Dear Mr. Joseph S. St. John:

This letter concerns the above-referenced Freedom of Information Act (FOIA) request, received by the U.S. Environmental Protection Agency (EPA), National FOIA Office (NFO) on June 29, 2023 which you are seeking: "**Specific Requests Under FOIA**
1. Any and all Records regarding, related to, or mentioning the Subject Matter exchanged between or among EPA and the following people and/or organizations:
☐ Halle Parker and/or Nola.com;
☐ Morgan Radford and/or MSNBC;
☐ Timothy Puko, Darryl Fears, Michael Phillis, and/or The Washington Post;
☐ Oliver Laughland and/or The Guardian;
☐ Anna McAllister and/or WGNO;
☐ Mike Smith and/or The Advocate.
☐ Bobbi-Jeanne Misick and/or WWNO;
☐ Sharon Lavigne and/or RISE St. James;
☐ Any other remember of RISE St. James;
☐ Dr. Beverly Wright and/or The Deep South Center for Environmental Justice;
☐ Monique Harden and/or The Deep South Center for Environmental Justice;
☐ Rev. Gregory Manning and/or Coalition Against Death Alley;
☐ Any member of Concerned Citizens of St. John;
☐ Robert Taylor; and
☐ Brenda Bryant.
2. Any and all Records regarding, related to, or mentioning any requests to schedule a meeting or conference with Administrator Michael S. Regan ("Administrator Regan") or his representatives during the Journey to Justice tour in
3. The calendar of Administrator Regan, electronic or otherwise, for all dates during the Journey to Justice tour.

3. Any and all Records regarding, related to, or mentioning the scheduling any meeting or conference between Administrator Regan or his representatives and any group, person, or organization during the Journey to Justice tour in Louisiana.

4. Any and all Records provided by EPA to, or provided to EPA by, any meeting participant during, or as a follow-up to, any meeting with Administrator Regan or his representatives during the Journey to Justice tour in Louisiana.

5. Any and all notes, handwritten or electronic, taken or created by EPA, including Administrator Regan or his representatives, during the Journey to Justice tour in Louisiana, including any notes, handwritten or electronic, taken by EPA, including Administrator Regan or his representatives, during or about any meeting during the Journey to Justice tour in Louisiana.

6. Any and all Records or communications regarding, related to, or mentioning the Subject Matter provided to EPA by any of the following or provided by EPA to any of the following:
☐ Concerned Citizens of St. John;
☐ Sierra Club;
☐ Stop the Wallace Grain Terminal;
☐ Inclusive Louisiana;
☐ RISE St. James;
☐ Louisiana Bucket Brigade;
☐ Tulane Environmental Law Clinic;
☐ Any member or officer of those organizations; and/or
☐ Any counsel, person, or group representing those organizations.

7. Any and all Records regarding, related to, or mentioning the Complaint dated January 20, 2022 submitted to EPA by Concerned Citizens of St. John and the Sierra Club, including all communications between EPA and Concerned Citizens of St. John, the Sierra Club, counsel for Concerned Citizens of St. John and the Sierra Club, and any member, representative, or counsel of those organizations, whether before or after January 20, 2022. For the avoidance of doubt, communications regarding informal resolution of that complaint are within the scope of this request.

8. Any and all Records regarding, related to, or mentioning the Complaint dated February 1, 2022 submitted to EPA by Stop the Wallace Grain Terminal, Inclusive Louisiana, RISE St. James, the Louisianan Bucket Brigade, and/or the Tulane Environmental Law Clinic between EPA and Stop the Wallace Grain Terminal, Inclusive Louisiana, RISE St. James, the Louisianan Bucket Brigade, and the Tulane Environmental Law Clinic, including any communications between EPA and any member, representative, or counsel of those organizations, whether before or after February 1, 2022. For the avoidance of doubt, communications regarding informal resolution of that complaint are within the scope of this request.

9. Any and all evidence underlying EPA's Letter of Concern to Dr. Chuck Carr Brown and Dr. Courtney N. Phillips, dated October 12, 2022, and signed by Lilian S. Dorka.

10. Any and all communications regarding EPA's Administrative Closure of EPA Complaint Nos. 01R-22-R6 and 04R-22-R6.

11. Any and all communications regarding EPA's Administrative Closure of EPA Complaint No. 02R-22-R6."

EPA has received your request for a fee waiver. Your request for a fee waiver was evaluated based upon the information you provided in support of your request for a fee waiver and EPA regulations concerning requests for a fee waiver. Your request does not contain enough information to support a finding that a fee waiver may be granted. Therefore, your request for a fee waiver is denied because your submission failed to demonstrate that the information disclosed in response to your request is likely to contribute significantly to public understanding of the operations or activities of the government.

EPA regulations provide a mechanism for requesters to seek records responsive to a FOIA request "without charge or at a charge reduced below" the agency FOIA fee schedule when the National FOIA Office determines "based on all available information, that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 40 C.F.R. § 2.107(l)(1) (2019). EPA's regulations, consistent with guidance from the Department of Justice, identify six factors for the Agency to consider, four for the contribution to public understanding and two for the requester's commercial interest.

To evaluate the contribution to public understanding, the Agency considers the following four factors: (1) the subject of the request; (2) the informative value of the information to be disclosed; (3) the contribution to an understanding of the subject by the public is likely to result from disclosure; and (4) the significance of the contribution to public understanding. *See* 40 C.F.R. § 2.107(l)(2)(i)-(iv). Fee waiver requests must address each of the factors. *See* 40 C.F.R. § 2.107(l)(5).

For the third factor above, EPA's regulations state that "The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. The Agency will consider a requester's expertise in the subject area and ability and intention to effectively convey information to the public. The Agency presumes that a representative of the news media will satisfy this consideration." *See* 40 C.F.R. § 2.107(l)(2)(iii).

For the reasons below, your fee waiver justification failed to adequately demonstrate that the information will be disseminated for the "public's understanding." S*ee* 40 C.F.R. § 2.107(l)(2)(iii). Your fee waiver justification stated: "The State requests a waiver or reduction of fees for this request because disclosure of the requested information is in the public interest: The requested information is likely to contribute significantly to public understanding of the operations or activities of the EPA, and the State has no commercial interest in the requested information. *See* 40 C.F.R. § 2.107(l) The State notes the Subject Matter and EPA's actions with respect to the Subject Matter have been the subject of extensive media coverage, and EPA appears to have affirmatively elicited such media coverage.2 Moreover, the State has publicly challenged the legality of EPA's

3

actions with respect to the Subject Matter, including EPA's coordination with private actors, and that challenge has likewise been the subject of extensive media coverage."

However, you have not addressed the EPA's regulatory third factor with enough detail. You have not specified how your work using FOIA material will specifically be distributed to a reasonably broad audience of persons interested in the subject. Additionally, you had not provided details about an ability and intention to effectively convey information to the public. The Agency may presume that a representative of the news media may satisfy this factor, but you have not provided information regarding a news media status. Therefore, your fee waiver request is denied.

You may appeal this fee waiver determination by email at hq.foia@epa.gov, or by mail to the EPA's National FOIA Office, U.S. EPA, 1200 Pennsylvania Avenue, N.W. (2310A), Washington, DC 20460 or through FOIAonline if you are an account holder. If you are submitting your appeal by hand delivery, courier service, or overnight delivery, you must address your correspondence to 1200 Pennsylvania Avenue, N.W., WJC-N Building, Room 7309C, Washington, DC 20460. Your appeal must be in writing, and it must be received no later than 90 calendar days from the date of this letter. The Agency will not consider appeals *received* after the 90-calendar-day limit. Appeals received after 5:00 p.m. EST will be considered received the next business day. The appeal letter should include the FOIA tracking number listed above. For quickest possible handling, the subject line of your email, the appeal letter, and its envelope, if applicable, should be marked "Freedom of Information Act Appeal

Your fee waiver request is denied because you did not address with enough detail the factor described above, under EPA's FOIA Regulations, located at 40 C.F.R. § 2.107(l). Because your fee waiver request did not provide enough detail on the one identified factor, the National FOIA Office did not make a determination on the sufficiency of your request with respect to the other factors. Should you choose to appeal this determination, please be sure to provide information to address all six factors required by EPA's FOIA Regulations in your appeal. For more information about the FOIA fee waiver factors, please visit our website at: https://www.epa.gov/foia/requesting-foia-fee-waivers.

Additionally, you may seek dispute resolution services from EPA's FOIA Public Liaison at hq.foia@epa.gov or (202) 566-1667, or from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government

Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD 20740-6001**;** email, ogis@nara.gov; telephone, (202) 741-5770 or (877) 684-6448; or fax, (202) 741-5769.

        Sincerely,

        Digitally signed by KEVIN HILL
        Date: 2023.07.25 16:46:06 -04'00'

        Kevin W. Hill
        Attorney-Adviser
        National FOIA Office