UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, <br> By and through its Attorney General, JEFF LANDRY; <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br>     Defendant. | Case No. 2:23-cv-01774 |

## ANSWER

Defendant, the U.S. Environmental Protection Agency (the "Agency" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed against Defendant by the State of Louisiana ("Plaintiff") in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case.

All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendant responds to the separately numbered paragraphs of Plaintiff's Complaint as follows:

# INTRODUCTION[1]

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant admits that Plaintiff filed a complaint asserting claims under FOIA arising from a FOIA request Plaintiff submitted to Defendant. Except for this specific admission, Defendant denies the remaining allegations.

2. Defendant admits that Plaintiff submitted a FOIA request to EPA on June 29, 2023. Defendant respectfully refers the Court to this request for a complete and accurate representation of its contents and denies any allegations inconsistent with that request.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it had not completed the processing of Plaintiff's FOIA request by the time the Complaint was filed and denies any remaining allegations.

4. Paragraph 4 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

5. Paragraph 5 of the Complaint contains Plaintiff's characterization of this action and prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever and denies any remaining allegations.

# PARTIES

6. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint.

---

[1] For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

7. Defendant admits the allegations in the first and last sentence of Paragraph 7 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of Paragraph 7 of the Complaint.

## LEGAL STANDARD AND GOVERNING LAW

8. Paragraph 8 of the Complaint contains Plaintiff's characterization of the FOIA, to which no response is required. Defendant respectfully refers the court to the cited FOIA provision for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent therein.

9. Paragraph 9 of the Complaint contains Plaintiff's characterization of the FOIA to which no response is required. Defendant respectfully refers the court to the cited FOIA provision for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent therein.

10. Paragraph 10 of the Complaint contains Plaintiff's characterization of the FOIA and a D.C. Circuit decision to which no response is required. Defendant respectfully refers the court to the cited FOIA provision and D.C. Circuit decision for a complete and accurate representation of their contents and denies any allegations or characterizations inconsistent therein.

11. Paragraph 11 of the Complaint contains Plaintiff's characterization of the FOIA and legal conclusions to which no response is required. Defendant respectfully refers the court to the cited FOIA provision for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent therein.

12. Paragraph 12 of the Complaint contains Plaintiff's characterization of the FOIA and legal conclusions to which no response is required. Defendant respectfully refers the court to

the cited FOIA provision for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent therein.

13. Paragraph 13 of the Complaint contains Plaintiff's characterization of the FOIA, a decision from U.S. District Court for the District of Columbia, and legal conclusions to which no response is required. Defendant respectfully refers the court to the cited FOIA provision and District Court decision for a complete and accurate representation of their contents and denies any allegations or characterizations inconsistent therein.

14. Paragraph 14 of the Complaint contains Plaintiff's characterization of the FOIA and a D.C. Circuit decision to which no response is required. Defendant respectfully refers the court to the cited FOIA provision and D.C. Circuit decision for a complete and accurate representation of their contents and denies any allegations or characterizations inconsistent therein.

15. Paragraph 15 of the Complaint contains Plaintiff's characterization of the FOIA and a decision from U.S. District Court for the District of Columbia to which no response is required. Defendant respectfully refers the court to the cited FOIA provision and District Court decision for a complete and accurate representation of their contents and denies any allegations or characterizations inconsistent therein.

## JURISDICTION AND VENUE

16. Paragraph 16 of the Complaint contains Plaintiff's statements of jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this action subject to the terms and limitations of FOIA.

17. Paragraph 17 of the Complaint contains Plaintiff's statements of venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District subject to the terms and limitations of FOIA.

18. Paragraph 18 of the Complaint consists of Plaintiff's characterizations of the instant action and its alleged relatedness to another pending matter before this court, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 18.

## FACTUAL BACKGROUND

19. Defendant admits that Plaintiff submitted a FOIA request to EPA on June 29, 2023. Defendant respectfully refers the Court to the request for a complete and accurate representation of its contents and denies any allegations inconsistent with the request. Defendant further admits that it sent Plaintiff an Initial Response Letter on July 25, 2023, as Plaintiff indicates in Footnote 3, but respectfully refers the Court to the July 25, 2023 Initial Response Letter for a complete and accurate representation of its contents and denies any allegations inconsistent with the letter.

20. Defendant admits that Plaintiff submitted a FOIA request to EPA on June 29, 2023. Defendant respectfully refers the Court to the request for a complete and accurate representation of its contents and denies any allegations inconsistent with the request.

21. Defendant admits that it sent Plaintiff an "Initial Response Letter" by email on July 25, 2023. Defendant respectfully refers the Court to the July 25, 2023 Initial Response Letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with the letter.

22. Defendant admits that it sent Plaintiff an "Initial Response Letter" by email on July 25, 2023. Defendant respectfully refers the Court to the July 25, 2023 Initial Response Letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with the letter.

23. Defendant admits that it sent Plaintiff an "Initial Response Letter" by email on July 25, 2023. Defendant respectfully refers the Court to the July 25, 2023 Initial Response Letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with the letter.

24. Defendant admits that it sent Plaintiff a letter denying the State's request for a fee waiver on July 25, 2023. Defendant respectfully refers the Court to the July 25, 2023 for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with the letter.

25. Defendant admits that it received a letter from Plaintiff on August 4, 2023 concerning EPA's estimated completion date but respectfully refers the Court to the August 4, 2023 letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with the letter.

26. Defendant admits that it received a letter from Plaintiff dated August 4, 2023 concerning EPA's estimated completion date but respectfully refers the Court to the August 4, 2023 letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with the letter.

27. Defendant admits the allegations in Paragraph 27 of the Complaint.

28. Defendant admits that it sent Plaintiff a letter on August 25, 2023 invoking unusual circumstances and extending the deadline for completing its response to the FOIA request to December 1, 2023, but respectfully refers the Court to the August 25, 2023 letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that letter.

29. Defendant admits that it sent Plaintiff a letter on August 25, 2023 invoking unusual circumstances and extending the deadline for completing its response to the FOIA request to December 1, 2023, but respectfully refers the Court to the August 25, 2023 letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that letter.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant admits that it received an email from Plaintiff dated October 10, 2023 regarding the status of its response to Plaintiff's FOIA request but respectfully refers the Court to the October 10, 2023 email for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that email.

32. Defendant admits that it replied to Plaintiff's October 10, 2023 email on October 17, 2023 but respectfully refers the Court to the October 17, 2023 email for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that email.

33. Defendant admits that it sent an email to Plaintiff on November 22, 2023 but respectfully refers the Court to the November 22, 2023 email for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that email.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that it received an email from Plaintiff on November 24, 2023 regarding the status of its response to Plaintiff's FOIA request but respectfully refers the Court to the November 24, 2023 email for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that email.

36. Defendant admits that it received an email from Plaintiff on November 24, 2023 regarding the status of its response to Plaintiff's FOIA request but respectfully refers the Court to the November 24, 2023 email for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that email.

37. Defendant admits that it sent Plaintiff a letter on December 8, 2023 transmitting its First Interim Release of 106 documents but respectfully refers the Court to the December 8, 2023 letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that letter.

38. Defendant admits that it sent Plaintiff a letter on December 8, 2023 transmitting its First Interim Release of 106 documents but respectfully refers the Court to the December 8, 2023 letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that letter.

39. Defendant admits that it sent Plaintiff a letter on December 8, 2023 transmitting its First Interim Release of 106 documents but respectfully refers the Court to the December 8, 2023 letter for a complete and accurate representation of its contents and denies any allegations or characterizations inconsistent with that letter.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant admits that Plaintiff submitted a FOIA request to EPA on June 29, 2023. Defendant respectfully refers the Court to the cited FOIA request for a complete and accurate representation of its contents and denies any allegations inconsistent with that request. Defendant denies all remaining allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

## CLAIMS FOR RELIEF

## COUNT ONE

45. Defendant incorporates by reference its responses to paragraphs 1 through 44 as if fully set out herein.

46. Paragraph 46 of the Complaint consists of statements of law and characterizations of the FOIA to which no response is required. To the extent a response is required, the Agency respectfully refers the court to the cited FOIA provisions and denies the allegations inconsistent therein.

47. Defendant admits the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 48 of the Complaint.

49. Defendant admits the allegations in the first sentence of Paragraph 49 of the Complaint. The last sentence of this Paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, the Agency denies the allegations in the last sentence of Paragraph 49.

50. Paragraph 50 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

51. Paragraph 51 of the Complaint contains legal conclusions and Plaintiff's characterization of a D.C. Circuit decision to which no response is required. Defendant respectfully refers the court to the cited D.C. Circuit decision for a complete and accurate representation of their contents and denies any allegations or characterizations inconsistent therein.

52. Paragraph 52 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 52.

53. Paragraph 53 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 53.

54. Paragraph 54 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 54.

55. Paragraph 55 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 55.

56. Paragraph 56 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 56.

57. Paragraph 57 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 57.

## **COUNT TWO**

58. Defendant incorporates by reference its responses to Paragraphs 1 through 57 of the Complaint as if fully set out herein.

59. Paragraph 59 of the Complaint consists of statements of law and legal conclusions to which no response is required. To the extent a response is required, the Agency denies the allegations in Paragraph 59.

60. Defendant admits the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint and avers that it has since made two additional productions on the specific estimated production dates previously provided to Plaintiff—December 22, 2023 and January 19, 2024. Defendant further avers that, along with its January 19, 2024 production, it provided Plaintiff with its next estimated production date of February 2, 2024.

62. Defendant denies the allegations in Paragraph 62 of the Complaint and avers that it has made two productions of responsive records with all exempt material redacted with corresponding FOIA exemption denoted in those productions.

63. Paragraph 63 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

## **COUNT THREE**

64. Defendant incorporates by reference its responses to Paragraphs 1 through 63 of the Complaint as if fully set out herein.

65. Paragraph 65 of the Complaint consists of statements of law and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. Defendant admits that Plaintiff submitted a FOIA request to EPA on June 29, 2023. Defendant respectfully refers the Court to the cited FOIA request for a complete and accurate representation of its contents and denies any allegations inconsistent with that request.

67.     Defendant admits that Plaintiff submitted a FOIA request to EPA on June 29, 2023. Defendant respectfully refers the Court to the cited FOIA request for a complete and accurate representation of its contents and denies any allegations inconsistent with that request.

68.     Defendant admits that it has not provided an index of withheld material to Plaintiff but avers that it has identified the relevant FOIA exemption for all redactions made to the responsive records. Defendant denies any remaining allegations in Paragraph 68.

69.     Paragraph 69 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70.     Paragraph 70 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or denied.

## DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

### First Defense

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

### Second Defense

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the FOIA. *See* 5 U.S.C. § 552(b).

**Third Defense**

The Court lacks subject-matter jurisdiction to award relief that exceeds the relief explicitly authorized by FOIA. *See* 5 U.S.C. §552.

**Fourth Defense**

Plaintiff is not entitled to attorneys' fees and costs.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: January 25, 2024

                                            Respectfully submitted,

                                            BRANDON B. BROWN
                                            United States Attorney

                                            By: *s/ Shannon T. Brown*
                                            Shannon T. Brown (#32366)
                                            Assistant United States Attorney
                                            300 Fannin Street, Suite 3201
                                            Shreveport, Louisiana 71101-3068
                                            Telephone: (318) 676-3613
                                            Fax: (318) 676-3642
                                            Email: shannon.brown@usdoj.gov